UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BSI MORTGAGE IV, LLC,

                    Plaintiff,

      -against-

VEKRAM KAUSHIK; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC. AS NOMINEE FOR CITIBANK, N.A.,
CITIBANK, N.A. AND JOHN DOE "1"
through "12", said persons or parties having or
claimed to have a right, title or interest in the
Mortgaged premises herein, their respective
names are presently unknown to the Plaintiff,

                    Defendants.
----------------------------------------------------------X

MEMORANDUM AND ORDER

CV 14-1640

(Wexler, J.)

APPEARANCES:

    THE MARGOLIN AND WEINREB LAW GROUP, LLP
    BY:   Alan H. Weinreb, Esq.
    Attorneys for Plaintiff
    165 Eileen Way, Suite 101
    Syosset, New York 11791

    SHEEHAN & ASSOCIATES, P.C.
    BY:   Spencer I. Sheehan, Esq.
    Attorneys for Defendant Vekrum Kaushik
    15 Morris Lane
    Great Neck, New York 11024

WEXLER, District Judge:

    Before the Court are Plaintiff's objections to the Report and Recommendation issued by Magistrate Judge Lindsay on August 12, 2015 (the "R&R"), in which Magistrate Lindsay

recommended that this action be dismissed, without prejudice, as violative of Section 1301(3) of the New York Real Property Actions and Proceedings Law ("RPAPL"). For the reasons discussed below, Magistrate Lindsay's R&R is adopted in its entirety and this action is dismissed, without prejudice.

## BACKGROUND

This is an action to foreclose a mortgage encumbering a single family residence located in Bridgehampton, New York. The Plaintiff, BSI Mortgage IV, LLC ("BSI"), commenced this action on March 12, 2014. The Defendant, Vekrum Kaushik ("Kaushik") is a New Jersey resident.[1] Kaushik filed an Answer to the Complaint on April 28, 2014 and amended his Answer, pursuant to a stipulation between the parties, on February 23, 2015.

By letter dated June 16, 2015, Kaushik's counsel advised Magistrate Judge Lindsay that the first mortgage on the premises at issue herein was already subject to a parallel foreclosure proceeding in New York State court, commenced in 2009 in a proceeding entitled SRMOF 2009-1 Trust v. Kaushik, et al., Index No. 015651/2009 (N.Y. Sup. Ct. Suff. Cnty).[2] Judge Lindsay held a conference with respect to the issue raised by Kaushik's counsel on June 30, 2015, at which time Plaintiff was directed to file a status report on or before July 30, 2015, advising whether this action may proceed in light of the parallel state court proceeding.

By letter dated July 29, 2015, Plaintiff advised the Court that a stipulation of

---

[1] Vekrum Kaushik is incorrectly sued herein as "Vekram" Kaushik.

[2] SRMOF 2009-1 Trust was the company from which Plaintiff acquired the subject mortgage which it now seeks to foreclose. (Letter from Sheehan, S. to Lindsay, M.J. dated June 16, 2015, at 1.)

discontinuance would be filed in the State Court action. However, by letters dated August 10, 2015, both parties notified Judge Lindsay that Defendant Kaushik does not wish to stipulate to the discontinuance of the State Court action. Thereafter, on August 12, 2015, Magistrate Judge Lindsay recommended that this action be dismissed, without prejudice, as violative of RPAPL § 1301(3).

DISCUSSION

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). Where, as here, a party timely objects to an R&R, the district court reviews those portions of the report to which the party objected de novo. See 28 U.S.C. § 636(b)(1)( C).

As Judge Lindsay found in her R&R, Section 1301(3) of the New York Real Property Actions and Proceedings Law provides that while an action for foreclosure is pending, "no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought." N.Y. Real Prop. Acts. § 1301(3). The purpose of this law is to "shield the mortgagor from the expense and annoyance of two independent actions at the same time with reference to the same debt" and "to avoid inappropriate duplicative and vexatious litigation by the same party." United States v. Abcon Assoc., No. CV 05-3178, 2006 U.S. Dist. LEXIS 92038, at *11-12 (E.D.N.Y. Dec. 18, 2006) (quoting Central Trust Co. v. Dann, 85 N.Y.2d 767, 772 (1995)); see also Dollar Dry Dock Bank

v. Piping Rock Builders, Inc., 581 N.Y.S.2d 361, 362-63 (2d Dep't 1992) ("[T]he purpose of RPAPL 1301 is to avoid multiple suits to recover the same mortgage debt and confine the proceedings to collect the mortgage debt to one court and one action."). The statute is "mortgagee specific and debt specific." Central Trust, 85 N.Y.2d at 771.

Here, the prior holder of Defendant Kaushik's mortgage - SRMOF 2009-1 Trust - commenced a foreclosure action against Kaushik in New York State court in 2009. Plaintiff BSI acquired Kaushik's mortgage from SRMOF 2009-1 Trust and therefore stands in its shoes in the prior foreclosure proceeding. Now, BSI has commenced a second action to foreclose on the same mortgage here, without leave of the State Court, undisputedly in violation of RPAPL § 1301(3).

Plaintiff's objections to Judge Lindsay's R&R do not dispute these facts. Rather, Plaintiff argues that Defendant's claim of not wanting to discontinue the State Court action is disingenuous in light of the fact that Defendant's counsel made a motion to dismiss the State Court action more than two months ago. Defendant's counsel responds that it was a motion to reargue the State Court plaintiff's motion for summary judgment - which had been granted against Defendant - and upon reargument, to vacate the issuance of summary judgment. However, none of the foregoing is relevant to whether or not the within action may be maintained. The plain language of RPAPL § 1301 states that where an action to foreclose a mortgage is already pending, "<u>no other action</u>" may be commenced by the mortgagee to foreclose the same mortgage without leave of court. N.Y. Real Prop. Acts. § 1301(3) (emphasis added). The state courts have instructed that the statute is to be "strictly construed." Dollar Dry Dock, 581 N.Y.S.2d at 363. By commencing the within action, Plaintiff has clearly violated Section

1301(3) of the New York RPAPL.

## CONCLUSION

Based on the foregoing, and having reviewed Plaintiff's objections and Defendant's submission in response, Magistrate Judge Lindsay's R&R dated August 12, 2015 is hereby adopted in its entirety and this action is dismissed, without prejudice.

The Clerk of the Court is directed to enter judgment accordingly and to mark this case closed.

**SO ORDERED:**

Dated: Central Islip, New York
September 18, 2015

s/ Leonard D. Wexler
LEONARD D. WEXLER
United States District Judge